1

2

3

4

5

6

7

8

9 **UNITED STATES DISTRICT COURT**

10 EASTERN DISTRICT OF CALIFORNIA

11

12 JANESSICA PIMENTEL SANCHEZ,

13       Plaintiff,

14       v.

15 COMMISSIONER OF SOCIAL SECURITY,

16       Defendant.

17

Case No. 1:21-cv-01177-SAB

ORDER GRANTING PETITIONER'S MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b)

DENYING PETITIONER'S REQUEST TO REIMBURSE PARTIAL EAJA FEES

(ECF Nos. 23, 24)

18      Petitioner Laura E. Krank ("Petitioner"), attorney for Janessica Pimentel Sanchez

19 ("Plaintiff"), filed the instant motion for attorney fees on May 14, 2025.   (ECF No. 23.)

20 Petitioner requests fees in the amount of $11,200.00 pursuant to 42 U.S.C. §  406(b)(1).

21 Petitioner also requests she be directed to reimburse Plaintiff only a portion of the $6,800 Equal

22 Access Justice Act ("EAJA") fee previously awarded.

23      Plaintiff did not file an opposition, or otherwise respond to the motion for attorney fees,

24 and the time to do so has passed.

25      On May 29, 2025, Defendant Social Security Commissioner, as a de facto trustee for

26 Plaintiff, filed a response to Petitioner's motion, in which he asserts he neither supports nor

27 opposes Petitioner's request for attorney's fees, but requests that the Court direct Plaintiff's

28 counsel to reimburse Plaintiff any fees she previously received under the EAJA.

1

## I.

## BACKGROUND

On December 3, 2020, Plaintiff entered into a contingent fee agreement with the Law Offices of Rohlfing & Kalagian, LLP.  (ECF No. 23-1.)  The agreement entitled counsel to an award of 25% of the past due benefits awarded if judicial review of an administrative decision was required and the adverse decision of an ALJ was reversed.  (Id.)

On August 4, 2021, Plaintiff filed a complaint challenging the denial of social security benefits.  (ECF No. 1.)

On December 23, 2021, prior to Defendant lodging the administrative record, the parties filed a stipulation for voluntary remand for further proceedings pursuant to Sentence Six of 42 U.S.C. 405(g) due to an inaudible hearing recording.  (ECF Nos. 9, 23-2 at 4.)  On December 29, 2021, the Court remanded the action.  (ECF No. 10.)

Following remand, on January 19, 2024, an administrative law judge issued a fully favorable decision, finding Plaintiff had been disabled since March 22, 2017.  (ECF No. 23-2.)

On June 11, 2024, a stipulation to reopen the case upon completion of Sentence Six remand proceedings and request for entry of final judgment was filed.  (ECF No. 14.)  On July 1, 2024, the Court entered the stipulation and judgment in favor of Plaintiff. (ECF No. 18.)  On August 16, 2024, Plaintiff was awarded attorney fees pursuant to the EAJA in the amount of $6,800 at the stipulation of the parties.  (ECF No. 22.)

A "Notice of Award" was issued to Plaintiff on April 23, 2025.  (ECF No. 23-3 at 2.)  The Social Security Administration determined Plaintiff was "entitled to monthly benefits from Social Security beginning September 2017." (Id.)  The Social Security Administration also determined that Plaintiff was entitled to $137,514.00 in past-due benefits from September 2017 through March 2025.  (Id. at 5.)  From this, the Commissioner withheld 25% for payment of fees, or $34,378.50.  (Id.)

In the instant motion, Petitioner seeks an award of attorney's fees in the amount of $11,200.00 and an order to reimburse Plaintiff only $1,100.00 out of the $6,800.00 previously awarded under the EAJA. (ECF No. 32.)

2

1    **II.**

2    **LEGAL STANDARD**

3    In relevant part, 42 U.S.C. § 406(b)(1)(A) provides that when a federal court "renders a

4    judgment favorable to a claimant . . . who was represented before the court by an attorney," the

5    court may allow reasonable attorney fees "not in excess of 25 percent of the total of the past-due

6    benefits to which the claimant is entitled by reason of such judgment." The payment of such

7    award comes directly from the claimant's benefits. 42 U.S.C. § 406(b)(1)(A).

8    The Supreme Court has explained that a district court reviews a petition for section

9    406(b) fees "as an independent check" to assure that the contingency fee agreements between the

10   claimant and the attorney will "yield reasonable results in particular cases." Gisbrecht v.

11   Barnhart, 535 U.S. 789, 807 (2002). The district court must respect "the primacy of lawful

12   attorney-client fee agreements," and is to look first at the contingent-fee agreement, and then test

13   it for reasonableness." Crawford v. Astrue, 586 F.3d 1142, 1148 (9th Cir. 2009). The twenty-

14   five percent maximum fee is not an automatic entitlement, and courts are required to ensure that

15   the requested fee is reasonable. Gisbrecht, 535 U.S. at 808–09. The attorney has the burden of

16   demonstrating that the fees requested are reasonable. Id. at 808; Crawford, 586 F.3d at 1148.

17   In determining the reasonableness of an award, the district court should consider the

18   character of the representation and the results achieved. Gisbrecht, 535 U.S. at 800. Ultimately,

19   an award of section 406(b) fees is offset by an award of attorney fees granted under the EAJA.

20   Id. at 796. The Ninth Circuit has identified several factors that a district court can examine under

21   Gisbrecht in determining whether the fee was reasonable. In determining whether counsel met

22   his burden to demonstrate that the requested fees are reasonable, the court may consider (1) the

23   standard of performance of the attorney in representing the claimant; (2) whether the attorney

24   exhibited dilatory conduct or caused excessive delay which resulted in an undue accumulation of

25   past-due benefits; and (3) whether the requested fees are excessively large in relation to the

26   benefits achieved when taking into consideration the risk assumed in these cases. Crawford, 586

27   F.3d at 1151.

28   / / /

3

1

## III.

2

## DISCUSSION

3      **A.      Attorney Fees Under 42 U.S.C. § 406(b)**

4            The Court begins, as it must, with Plaintiff's agreement to "25% of the past-due benefits

5 awarded upon reversal of any unfavorable ALJ decision for work before the Social Security

6 Administration" at the outset of the representation.  (ECF No. 23-1.)  The Court recognizes the

7 contingent nature of this case and Counsel's assumption of the risk of going uncompensated.

8 Hearn v. Barnhart, 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003).  Plaintiff has been awarded

9 benefits from September 2017 through March 2025 in the amount of $137,514.00.  (ECF No. 23-

10 3 at 2, 5.)  Petitioner now seeks $11,200.00, which is approximately eight percent of the backpay

11 award.  From a broad lens, the $11,200.00 fee is not excessively large in relation to the past-due

12 award of $137,514.00 and is over two-thirds lower than the fee bargained for in the contingent

13 fee agreement.

14            There is no indication that a reduction of fees is warranted for substandard performance.

15 See Crawford, 586 F.3d at 1151.  Indeed, this action was so briefly in this Court before the

16 parties stipulated to remand due to technical difficulties experienced at the administrative level

17 that there is little substantive record to even evaluate performance.  No briefs were filed nor was

18 an administrative record lodged to review.  By all accounts, however, Petitioner is an

19 experienced, competent attorney who ultimately secured a successful result for Plaintiff.

20            Further, although this action does involve over seven years of backpay, there is no

21 indication that Petitioner was responsible for the delay in the court proceedings to indicate any

22 undue accumulation of past-due benefits.

23          Gisbrecht also instructs that where "the benefits are large in comparison to the amount of

24 time counsel spent on the case," a downward adjustment in the requested fee award may be "in

25 order." Gisbrecht, 535 U.S. at 808 (noting a district court "may require the claimant's attorney to

26 submit, not as a basis for satellite litigation, but *as an aid* to the court's assessment of the

27 reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing

28 the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee

1  cases") (emphasis added)).  The attorney has the burden of demonstrating that the fees requested

2  are reasonable.  Id.; Crawford, 586 F.3d at 1148.

3      In support of the instant motion, Petitioner submits a log of the time spent prosecuting

4  this action in district court and a separate log of time detailing the many more hours spent at the

5  administrative level.  (ECF No. 23-4.)  The log demonstrates that Petitioner spent 3.6 hours

6  before this Court (2.3 hours in 2021 and 1.3 hours when the case was returned to this Court in

7  2024).  (Id. at 1.)  The hours include reviewing documents and preparing the standard complaint,

8  correspondence, and the stipulation for EAJA fees.  (Id.)  Counsel's 3.6 hours of primarily

9  routine tasks in this action yields a *de facto* hourly rate of approximately $3,111.11 ($11,200

10  requested fee divided by 3.6 hours). Counsel's standard hourly rate in 2021 was $217.54 and her

11  standard hourly rate in 2024 was $243.  (Id.)  Petitioner also requests, however, that the Court

12  factor in two hours of paralegal time, the bulk of which is related to filing, reviewing, and

13  discussing Plaintiff's application to proceed *in forma pauperis*.  (Id.)  Petitioner's standard

14  hourly paralegal rate in 2021 was $143.  (Id.)  If the Court factors in the two hours of routine

15  paralegal time, the *de facto* hourly rate for combined counsel and paralegal time is $2,000

16  ($11,200 requested fee divided by 3.6 hours of Petitioner's time and 2 hours of paralegal time).

17      Petitioner points the Court to numerous cases—none from this District—purporting to

18  find an effective hourly rate of $2,000 reasonable.  (See ECF No. 23 at 9-10 (citing Bolla v.

19  King, No. 2:20-CV-06792-KES, 2025 WL 864642, at *3 (C.D. Cal. Jan. 29, 2025) (finding an

20  hourly rate of approximately $1,843.83 per hour ($47,755.25 divided by 25.9 hours) reasonable);

21  Joanne F. v. Comm'r of Soc. Sec., No. 3:20-CV-01040-AA, 2023 WL 7127663, at *2 (D. Or.

22  Oct. 30, 2023) (noting that although the requested hourly fee in the amount of $1,780.65 is

23  higher than what is commonly seen, it was within the bound of rates that had been awarded by

24  courts in the District of Oregon).)

25      Notably, Plaintiff also points to Steven M. v. Comm'r, Soc. Sec. Admin., No. 3:18-CV-

26  00459-HZ, 2020 WL 249990 (D. Or. Jan. 16, 2020).  There, however, the plaintiff's counsel

27  requested the same $2,000 effective hourly fee, which would amount to 19.37% of the award.

28  Id. at *2.  The Court noted that half counsel's time was spent drafting the complaint and the

1   opening brief and other time was spent filing, downloading, docketing, reviewing, and preparing

2   documents.  Id.  The Court found an effective hourly rate of $2,000 for 6.9 hours of work was

3   "*not* proportional to the time spent on the case," and, in light of the record, "the requested fee

4   would result in a windfall to counsel."  Id. (Emphasis added.)  Thus, the Court reduced the fee to

5   an amount consistent with other fees in the District of Oregon.  Id.

6          Petitioner also relies on Brazile v. Comm'r of Soc. Sec., No. C18-5914JLR, 2022 WL

7   503779 (W.D. Wash. Feb. 18, 2022) as support for a de facto $2,000 hourly rate, which would

8   amount to 17.24% of the award.  As Counsel notes, that court in that case indeed found a $2,000

9   hourly rate to be reasonable.  Id. at *2.  However, the district court emphasized that the 9.8 hours

10  of billing entries submitted by the Brazile counsel were primarily related to narrowly tailored

11  opening and reply briefs on one issue that was ultimately remanded to the ALJ.  Id. at *4.  The

12  court emphasized that the high $2,000 rate was reasonable because counsel "did not bill for

13  paralegal time, nor did he bill for every email sent or received, for every review of an entry into

14  the court's docket, or for other administrative tasks."  Id. The court noted that "the omission of

15  such clerical entries is in line with the type of efficient billing practice that judges in this district

16  and elsewhere in the Ninth Circuit have encouraged attorneys to follow."  Id. (collecting cases).

17         Unlike counsel in Brazile, Petitioner's requested effective $2,000 hourly rate is reduced

18  from a $3,111.11 hourly rate because it includes paralegal time.  Further, other than 1.6 hours

19  Petitioner spent reviewing the file, preparing the standard social security complaint, and

20  preparing the EAJA stipulation, Petitioner and her paralegal's hours are primarily reviewing

21  docket entries and performing other administrative tasks.  Such billing is not analogous to the

22  efficient billing practices endorsed in Brazile.  Still, the Court does not find the requested

23  benefits are large in comparison to the amount of time counsel spent on the case.  A combined

24  effectively hourly fee of $2,000 certainly teeters on the high end in this district but it is not an

25  anomaly. See, e.g., Garcia v. O'Malley, No. 1:20-CV-01366-SKO, 2024 WL 1118782, at *1

26  (E.D. Cal. Mar. 14, 2024) (granting counsel's motion for only 13.6% of back benefits for 6.5

27  hours of work, which amounted to an effective hourly rate of $2,307.69 per hour); Jacomet v.

28  Kijakazi, No. 2:18-cv-0199 DB, 2023 WL 5723085, at *2 (E.D. Cal. Sept. 5, 2023) (granting

1    counsel's motion for only 21% of back benefits for 15.1 hours of work, which amounted to an

2    effective hourly rate of $2,005.06 per hour).  In granting Petitioner's motion, the Court focuses

3    on Petitioner's request for 8% of back benefits, which is less than one-third of the bargained for

4    fee in the contingent fee agreement.  See Crawford, 586 F.3d at 1149  (noting that performance

5    of the court's affirmative duty to assure the reasonableness of the fee "must begin, under

6    Gisbrecht, with the fee agreement, and the question is whether the amount need be reduced, not

7    whether the loadstar amount should be enhanced.")

8        In short, the Court recognizes that the requested attorney fees in the amount of $11,200 is

9    significantly less than 25% of the past-due benefits awarded and is not excessive in relation to

10   the past-due award.  The Court is cognizant that Plaintiff nor the Defendant oppose the award of

11   fees as unreasonable.  Petitioner also assumed the risk of receiving no compensation, as

12   Plaintiff's application was denied more than once at the administrative level. (See ECF No. 23-1

13   at 4-5.)  The Court finds the fee amount requested is reasonable in light of the several years of

14   litigation and the result achieved, as well as the lack of any evidence suggesting either dilatory

15   conduct or a windfall to Petitioner.  Accordingly, the Court finds that the amount of fees counsel

16   seeks under § 406(b) is reasonable.

17       **B.    EAJA Refund**

18       "[A]n award of attorney's fees under § 406(b) does 'not prevent an award of fees and

19   other expenses under' the EAJA, but 'where the claimant's attorney receives fees *for the same*

20   *work* under both' § 406(b) and the EAJA, then 'the claimant's attorney refunds to the claimant

21   the amount of the smaller fee.' "  Castillo v. Kijakazi, No. 5:20-CV-02347-KES, 2023 WL

22   12090215, at *5 (C.D. Cal. June 8, 2023) (quoting  Public Law No. 99-80, 99 Stat. 183 (1985))[1]

23   (emphasis in original).

24       Petitioner requests partial reimbursement of the EAJA fee awarded upon stipulation of

25

26

27

28

[1] Adding the Savings Provision to 28 U.S.C. § 2412, which states in pertinent part that: "Section 206(b) of the Social Security Act (42 U.S.C. 406(b)(1)) shall not prevent an award of fees and other expenses under section 2412(d) of title 28, United States Code. Section 206(b)(2) of the Social Security Act [§ 406(b)(2) ] shall not apply with respect to any such award but only if, where the claimant's attorney receives fees for the same work under both section 206(b) of that Act and section 2412(d) of title 28, United States Code, the claimant's attorney refunds to the claimant the amount of the smaller fee." PL 99–80 (HR 2378), PL 99–80, 99 Stat 183 (1985).

1    the parties on August 16, 2024, because the EAJA fee in the amount of $6,800 was based on the

2    total hours Petitioner spent in the representation of Plaintiff in this matter at both this court and at

3    the agency level.  Specifically, Petitioner's firm expended 35.41 hours of attorney and paralegal

4    time in the representation of Plaintiff in this matter: 5.6 hours at the district court level and 29.81

5    hours at the administrative level.  (ECF No. 23-4 at 1-3.)  Thus, Petitioner requests only

6    reimbursing Plaintiff $1,100 of the $6,800 as that is the amount of fees offset based on the same

7    work before this Court.  (ECF No. 23 at 16.)  In support of her request, Plaintiff relies on Chapa

8    v. Astrue, 814 F.Supp.2d 957 (C.D. Cal. 2011), whereby the Court ordered reimbursement of

9    only the portion of the EAJA that was based on the work in the district court following a

10   Sentence Six remand.

11        Defendant requests that the Court direct Petitioner to reimburse Plaintiff the entirety of

12   fees she previously received under the EAJA.  (ECF No. 24 at 2-3 n.1.)  Defendant points out

13   that subsequent cases have observed that Chapa may no longer be good law after the Ninth

14   Circuit's decision in Parrish v. Commissioner, 698 F.3d 1215 (9th Cir. 2012).  Specifically, the

15   same court that decided Chapa noted that "the breadth of the language in the Parrish decision

16   calls into serious question whether a court in this circuit properly may deem any component of

17   an EAJA fee award to have been other than 'for the same work' comprehended by the section

18   406(b) award".  Morales v. Colvin, No. CV 12–2189–E, 2015 WL 276682, at *3 (C.D. Cal. Jan.

19   22, 2015).

20        While it does not appear any court in this District has had occasion to address this issue,

21   it is not one of first impression.  In Castillo v. Kijakazi, 2023 WL 12090215, the Central District

22   addressed a substantially similar argument by Petitioner's firm.  The district found ultimately

23   found Petitioner's reliance on Chapa, 814 F.Supp.2d 957 unpersuasive for three reasons:

24           First, as Judge Eick admitted in the Chapa decision, it is the
             general practice of courts in this district to require counsel to
25           refund the entire EAJA fee to the plaintiff. Chapa, 814 F. Supp. 2d
             at 964 (collecting cases and noting, "The Court acknowledges that
26           the present decision finds little or no support in case law. Most if
             not all other courts awarding 406(b) fees and lesser EAJA fees
27           following sentence six remands ordered the refund of the entire
             EAJA fee, but those courts did so without specifically
28           acknowledging or addressing the issue discussed herein."). Second,

8

1       as Judge Eick noted in [Morales v. Colvin, No. CV 12–2189–E,
2       2015 WL 276682, at *3 (C.D. Cal. Jan. 22, 2015)]:

3       "A subsequent Ninth Circuit decision casts some doubt on the continuing validity of the Chapa holding....In Parrish v.
4       Commissioner, 698 F.3d 1215, 1221 (9th Cir. 2012) ("Parrish"), the Ninth Circuit stated:

5       We therefore hold that if a court awards attorney fees under §
6       2412(d) [EAJA] for the representation of a Social Security claimant on an action for past-due benefits, and also awards
7       attorney fees under § 406(b)(1) for representation of the same claimant in connection with the same claim, the claimant's attorney
8       'receives fees for the same work' under both § 2412(d) and § 406(b)(1) for purposes of the EAJA savings provision.

9       The Parrish case did not involve any section six remand and did
10      not specifically discuss the Chapa holding. Nevertheless, the breadth of the language in the Parrish decision calls into serious
11      question whether a court in this circuit properly may deem any component of an EAJA fee award to have been other than 'for the
12      same work" comprehended by the section 406(b) award.' [Morales, 2015 WL 276682, at *3.]

13      Third, unlike counsel in the Chapa case, Ms. Haley here states that
14      she "will seek fees under 42 U.S.C. § 406(a)" for work at the administrative level. (Dkt. 26 at 10.) In Chapa, Judge Eick noted
15      that his interpretation of the "same work" language in Public Law No. 99-80 "threatens to enable attorneys less scrupulous than
16      present counsel to recover and retain duplicative fees for the same administrative work," because an "attorney theoretically could
17      recover section 406(a) fees and EAJA fees for the same post-sentence six remand administrative work, and Public Law No. 99-
18      80 would have nothing to say about the matter." Id. at 966. In fact, in a subsequent case, Judge Eick required counsel to refund the
19      entire EAJA fee, in part because counsel had "not eschewed the intent to seek additional fees from the Administration
       under section 406(a)." Morales, 2015 WL 276682, at *3.

20

21  Castillo, 2023 WL 12090215, at *5. The Castillo Court therefore required counsel to refund the

22  plaintiff the entire amount of the EAJA fee awarded.

23      This Court finds Castillo persuasive and shall order the same result. First, it is the

24  general practice of courts in this district to require counsel to refund the entire EAJA fee

25  following a Sentence Six remand. See, e.g., Lang v. O'Malley, No. 1:18-CV-01605-SKO, 2024

26  WL 1575475, at *3 (E.D. Cal. Apr. 11, 2024) (granting motion under Section 406(b) following

27  Sentence Six remand and ordering full refund of previously awarded EAJA fees); Hoover v.

28  Saul, No. 1:13-CV-0333- JLT, 2020 WL 528848, at *2 (E.D. Cal. Feb. 3, 2020) (granting motion

1   under Section 406(b) following Sentence Six remand and ordering full refund of previously

2   awarded EAJA fees); <u>Madrid v. Comm'r of Soc. Sec.</u>, No. 2:19-CV-1421-KJM-KJN, 2022 WL

3   1499303, at *2 (E.D. Cal. May 12, 2022), <u>report and recommendation adopted</u>, No. 2:19-CV-

4   1421 KJM KJN, 2022 WL 2757624 (E.D. Cal. July 14, 2022) (granting motion under Section

5   406(b) following Sentence Six remand and ordering full refund of previously awarded EAJA

6   fees); <u>Gutierrez v. Comm'r of Soc. Sec.</u>, No. 2:14-CV-1968-KJN, 2018 WL 4090598, at *3 (E.D.

7   Cal. Aug. 27, 2018) (granting motion under Section 406(b) following Sentence Six remand and

8   ordering full refund of previously awarded EAJA fees).  The Court acknowledges that it does not

9   appear counsel in these cases requested partial reimbursement.

10       Further, although Petitioner does provide a separate itemization of the time spent on work

11  at the administrative level, <u>see</u> <u>Morales</u>, 2015 WL 276682, at *3, she has stated that she will seek

12  additional fees for the work performed at the administrative level under 42 U.S.C. 406(a).  (<u>See</u>

13  ECF No. 23 at 16-17 ("the fee that [Petitioner] will seek under 42 U.S.C. § 406(a) for the work

14  before the agency…"); <u>see also</u> <u>id.</u> at 11, 19).  The fee agreement has certainly arranged for

15  Petitioner's intent as the agreement states Petitioner would receive a separate fee of 25% of the

16  past due benefits awarded if and only if Plaintiff received benefits by a decision of the Social

17  Security Administration or judgment for benefits by this Court. (ECF No. 23-1.)  In other words,

18  the fee agreement calls for two awards representing 25% of past due benefits each.  (<u>Id.</u>; <u>see also</u>

19  ECF No. 23 at 8 (describing that the fee agreement in this matter calls for a separate calculation

20  of fees under § 406(a) and § 406(b).)).  The Court is not persuaded that the Petitioner's refund of

21  the full EAJA award, which is the general practice in this District, would lead to an unfair result.

22       Petitioner also argues <u>Rice v. Astrue</u>, 609 F.3d 831 (5th Cir. 2010) is persuasive.  (ECF

23  No 23 at 18.)  Where the Fifth Circuit stated that "[a]s long as the EAJA award is not given for

24  work done at the administrative level, no savings clause is needed for § 406(a)," Petitioner

25  contends it should also mean as long as the EAJA is not given for work done at the federal court

26  level, no savings clause is needed for § 406(b).  As explained by the <u>Chapa</u> Court, "[t]he <u>Rice</u>

27  decision is not particularly instructive on the issue before this Court, i.e., how a court should

28  account for an EAJA award that includes compensation for post-*sentence six* remand

1 administrative work, when granting section 406(b) fees," given the issue in <u>Rice</u> was whether a

2 district court may condition the granting of an EAJA award following a *sentence four* remand on

3 counsel offsetting any future section 406(a) award the claimant might receive. <u>Chapa</u>, 814 F.

4 Supp. 2d at 964 n.10. Indeed, the Fifth Circuit explicitly noted that it "expresses no opinion

5 about attorney's fees in sentence six remands under § 405(g)." <u>Rice v. Astrue</u>, 609 F.3d 831, 833

6 n.3 (5th Cir. 2010). The Court does not agree <u>Rice</u> is persuasive authority to order less than a

7 full EAJA offset in the instant action. Accordingly, the Court agrees with Defendant and shall

8 require Plaintiff to refund the entire amount of the EAJA fees previously awarded.

9 **VI.**

10 **CONCLUSION AND ORDER**

11       For the reasons stated above, the Court finds that the fees sought by Petitioner pursuant to

12 Section 406(b) are reasonable. However, an award of Section 406(b) fees must be offset by any

13 prior award of fees granted under the EAJA. Accordingly, IT IS HEREBY ORDERED that:

14       1.       Petitioner's motion for an award of attorney fees pursuant to 42 U.S.C. § 406(b)

15                in the amount of $11,200 (ECF No. 23) is GRANTED;

16       2.       The funds SHALL be paid to Petitioner out of the funds withheld by the Social

17                Security Administration;

18       3.       Petitioner's request to partially refund EAJA fees (ECF No. 23) is DENIED; and

19       4.       Petitioner is ordered to refund $6,800 to Plaintiff Janessica Pimentel Sanchez as

20                an offset for EAJA fees previously awarded pursuant to 28 U.S.C. § 2412(d).

21

IT IS SO ORDERED.

22

Dated:    **July 30, 2025**                    _____

23                                              STANLEY A. BOONE

24                                              United States Magistrate Judge

25

26

27

28